☒ FILED    ☐ LODGED

**Jun 05 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1 TIMOTHY CORCHAINE
United States Attorney
2 District of Arizona
MICAH SCHMIT
3 Az Bar No. 014887
Assistant U.S. Attorney
4 United States Courthouse
405 W. Congress Street, Suite 4800
5 Tucson, Arizona 85701
Telephone: 520-620-7300
6 Email: micah.schmit@usdoj.gov
Attorneys for Plaintiff
7

8           IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF ARIZONA

10

11   United States of America,              CR 24-02352-TUC-AMM (JR)

12                    Plaintiff,            PLEA AGREEMENT

13        vs.

14   Erik Alberto Beal,

15                    Defendant.

16        The United States of America and the defendant agree to the following disposition

17 of this matter:

18                              PLEA

19        The defendant agrees to plead guilty to Count One of the Indictment, charging a

20 violation of Title 18, United States Code, Sections 111(a) and (b), Assault on a Federal

21 Officer with a Deadly and Dangerous Weapon, a felony.  Any remaining charges in the

22 Indictment will be dismissed at the time of sentencing.  The defendant also agrees to forfeit

23 and abandon any interest in the Sig Sauer, Model P250, .45 caliber handgun.

24                       Elements of the Offense

25        The elements of **Assault on a Federal Officer with a Deadly and Dangerous**

26 **Weapon** are as follows:

27        First, the defendant forcibly assaulted U.S. Border Patrol Agent M. M.;

28

1       Second, the defendant did so while Agent M.M. was engaged in, or on account
2  of his official duties; and

3       Third, the defendant used a deadly or dangerous weapon, that is a Sig Sauer,
4  Model P250, .45 caliber handgun.

5  <div align="center">Maximum Penalties</div>

6       A violation of 18 U.S.C. §§ 111(a)(1) and (b), **Assault on a Federal Officer with**
7  **a Deadly Weapon**, is a Class C felony.  The maximum penalties are a maximum term of
8  imprisonment of twenty (20) years, a maximum fine of $250,000, or both, a term of
9  supervised release of up to 3 years, $100 Special Assessment, and restitution to the victim.

10       Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform
11  Act of 1984, the court shall

12      (1)  order the defendant to make restitution to any victim of the offense unless,
13            pursuant to Title 18, United States Code, Section 3663, and Section 5E1.1 of
14            the Guidelines, the Court determines that restitution would not be appropriate
15            in this case;

16      (2)  order the defendant to pay a fine, which may include the costs of probation,
17            supervised release, or incarceration, unless, pursuant to Title 18, United States
18            Code, Section 3611, and Section 5E1.2(f) of the Guidelines, defendant
19            establishes the applicability of the exceptions found therein;

20       Pursuant to Title 18, United States Code, Section 3013, the Court is required to
21  impose a special assessment on the defendant of $100.00.  The special assessment is due
22  at the time the defendant enters the plea of guilty, but in no event shall it be paid later than
23  the time of sentencing.

24  <div align="center">Immigration Consequences</div>

25       The defendant recognizes that pleading guilty may have consequences with respect
26  to his immigration status if the defendant is a recently naturalized United States citizen or
27  is not a citizen of the United States.  Under federal law, a broad range of crimes are
28  removable offenses, including the offense to which the defendant is pleading guilty.

1    Although there may be exceptions, the defendant understands that the defendant's guilty
2    plea and conviction for this offense make it practically inevitable and a virtual certainty
3    that the defendant will be removed or deported from the United States. The defendant
4    agrees that he has discussed this eventuality with his attorney. The defendant nevertheless
5    affirms that he wants to plead guilty regardless of any immigration consequences that this
6    plea entails, even if the consequence is the defendant's automatic removal from the United
7    States.

8                          STIPULATIONS, TERMS AND AGREEMENTS
9                             Agreements Regarding Sentencing

10   1.    Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), and 18 U.S.C. § 3553, the
11   government and the defendant stipulate and agree that the following stipulated sentencing
12   range is an appropriate disposition of this case:

13                  **Twenty four (24) to sixty (60) months of imprisonment.**

14   2.    **The parties agree that the above-mentioned stipulated range would require an**
15   **upward departure from the applicable sentencing guideline range for the Assault on**
16   **a Federal Officer with a Deadly and Dangerous Weapon charge, however, this is in**
17   **direct exchange for the dismissal of Count 2 of the Indictment which carries a**
18   **statutory *mandatory* minimum term of seven (7) years imprisonment *consecutive* to**
19   **the sentence imposed on Count 1. This plea is contingent on the defendant placing no**
20   **higher than Criminal History Category I or II. The government reserves the right to**
21   **withdraw from this plea agreement if the defendant's Criminal History is higher than**
22   **Category I or II.**

23   3.    The defendant agrees that the Court can consider all the charges alleged in the
24   Indictment including all relevant conduct related to the dismissed charge of the Indictment
25   at the time of sentencing pursuant to this plea agreement.

26   4.    No Other Departure or Reduction. The defendant understands and agrees that this
27   plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If
28   the defendant requests or if the Court authorizes any downward departure or variance *below*

-3-

1  the twenty-four (24) months' stipulated range, the government will withdraw from the plea
2  agreement. If the Court departs from the terms and conditions set forth in this plea
3  agreement, either party may withdraw.

4  5.      The defendant may withdraw from the plea agreement if he receives a sentence of
5  more than sixty (60) months of imprisonment.

6  6.      The defendant understands that if the defendant violates any of the conditions of the
7  defendant's supervised release, his supervised release may be revoked. Upon such
8  revocation, notwithstanding any other provision of this agreement, the defendant may be
9  required to serve a term of imprisonment or the defendant's sentence may otherwise be
10  altered.

11  7.      The defendant and the government agree that this agreement does not in any manner
12  restrict the actions of the government in any other district or bind any other United States
13  Attorney's Office.

14  8.      If the Court, after reviewing this plea agreement, concludes any provision is
15  inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P.,
16  giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity
17  to withdraw defendant's guilty plea.

18  9.      Restitution: For purposes of sentencing, the offense of conviction constitutes a
19  crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A(a)(1),
20  (c)(1)(A)(I) and 3771(6), the victim, M. M., is entitled to mandatory restitution and the
21  PSR should include an assessment regarding restitution. Further, the victim should be
22  characterized as such in the PSR and the PSR should also include a victim impact statement
23  if the victim is willing to make one. Lastly, the victim should be allowed to attend any
24  hearings held pertaining to this matter and address the Court at the sentencing of this matter,
25  if the victim would like to, pursuant to 18 U.S.C. § 3771.

26  Pursuant to 18 U.S.C. § 3663 and/or 3663A and 2248, the defendant specifically
27  agrees to pay full restitution, regardless of the resulting loss amount, but in no event more
28  than $500,000, to all victims directly or proximately harmed by the defendant's "relevant

-4-

1   conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as
2   defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense"
3   under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution
4   will be included in the Court's Order of Judgment and that an unanticipated restitution
5   amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw
6   from this plea agreement.

7                               Assets and Financial Responsibility

8          The defendant shall (i) make a full accounting of all assets, including real and
9   personal property in which the defendant has any legal or equitable interest; (ii) permit the
10  U.S. Attorney's office to immediately obtain the defendant's credit reports in order to
11  evaluate the defendant's ability to satisfy any financial obligation that is or might be
12  imposed by the court; (iii) make full disclosure of all current and projected assets to the
13  U.S. Probation Office immediately and prior to the termination of the defendant's
14  supervised release or probation, such disclosures to be shared with the U.S. Attorney's
15  Office, including the Financial Litigation Unit, for any purpose as well as the financial
16  condition of all household members (including but not limited to that of a spouse or child);
17  (iv) cooperate fully with the government and the Probation Officer to execute such
18  documentation as may be necessary to secure assets to be applied to restitution owed by
19  the defendant. The defendant agrees to permit the Probation Officer to provide to the U.S.
20  Attorney's office copies of any and all financial information provided by the defendant to
21  the U.S. Probation Office; and (v) not (and shall not aid and abet any other party to) sell,
22  hide, waste, spend, destroy, transfer or otherwise devalue any such assets or property before
23  sentencing, without the prior approval of the United States (provided, however, that no
24  prior approval will be required for routine, day-to-day expenditures).

25         Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations
26  imposed by the court, including restitution, shall be due immediately upon judgment, shall
27  be subject to immediate enforcement by the government, and shall be submitted to the
28  Treasury Offset Program so that any federal payment or transfer of returned property

                                        - 5 -

1    defendant receives may be offset and applied to federal debts (which offset will not affect

2    any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to

3    participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to

4    a payment schedule to be determined by the court. The defendant understands that any

5    schedules of payments imposed by the court, including schedules imposed while the

6    defendant is incarcerated or on supervised release, are merely minimum schedules of

7    payments and not the only method, nor a limitation on the methods, available to the

8    government to enforce the judgment.

9                      Perjury and Other False Statement Offenses and Other Offenses

10          Nothing in this agreement shall be construed to protect the defendant in any way

11    from prosecution for perjury, false declaration or false statement, or any other offense

12    committed by defendant during the change of plea hearing and/or after the date of this

13    agreement.

14                          Reinstitution of Prosecution.

15          If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time,

16    the United States will be free to prosecute the defendant for all charges of which it has

17    knowledge, and any charges that have been dismissed because of this plea agreement will

18    be automatically reinstated. In such event, the defendant waives any objections, motions

19    or defenses based upon the statute of limitations, the Speedy Trial Act, or constitutional

20    restrictions in bringing the later charges or proceedings. Defendant understands that any

21    statements made at the time of defendant's change of plea or sentencing may be used

22    against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R.

23    Crim. P. 11(f).

24                    Disclosure of Information to U.S. Probation Office.

25         a.      The defendant understands the United States' obligation to provide all

26    information in its file regarding defendant to the United States Probation Department.

27         b.      The defendant will cooperate fully with the United States Probation

28    Department. Such cooperation will include truthful statements in response to any questions

1   posed by the Probation Department, including, but not limited to (1) all criminal history
2   information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2)
3   all financial information, e.g., present financial assets or liabilities that relate to the ability
4   of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant
5   a treatment condition as part of sentencing; and (4) all history of mental illness or
6   conditions which would warrant a treatment condition as a part of sentencing.

7                         Forfeiture, Civil, and Administrative Proceedings

8           a.      The defendant agrees to abandon and forfeit, and hereby forfeits, all interest
9   in any property that the defendant owns or over which the defendant exercises control,
10  directly or indirectly, specifically, any firearms and ammunition involved in or used in the
11  offense, **including the following property: a Sig Sauer Model P250 .45 caliber**
12  **handgun, bearing serial number EAU020997.  In addition, the defendant agrees that**
13  **he will sign a Waiver of Ownership of Property in the Sig Sauer, Model P250, .45**
14  **caliber handgun and give such written Waiver to the Federal Bureau of Investigation.**
15  The Federal Bureau of Investigation will then destroy the firearm.

16                            Waiver of Defenses and Appeal Rights

17          Provided the defendant receives a sentence in accordance with this plea agreement,
18  the defendant waives (1) any and all motions, defenses, probable cause determinations, and
19  objections that the defendant could assert to the indictment or information; and (2) any
20  right to file an appeal, any collateral attack, and any other writ or motion that challenges
21  the conviction, an order of restitution or forfeiture, the entry of judgment against the
22  defendant, or any aspect of the defendant's sentence-including the manner in which the
23  sentence is determined and any sentencing guideline determinations.  The sentence is in
24  accordance with this agreement if the sentence imposed does not exceed sixty (60) months
25  of imprisonment.

26          The defendant further waives: (1) any right to appeal the Court's entry of judgment
27  against defendant; (2) any right to appeal the imposition of sentence upon defendant under
28  Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the

1  district court's refusal to grant a requested variance; (4) any right to collaterally attack

2  defendant's conviction and sentence under Title 28, United States Code, Section 2255, or

3  any other collateral attack; and (5) any right to file a motion for modification of sentence,

4  including under Title 18, United States Code, Section 3582(c) (except for the right to file

5  a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial

6  of such a motion). The defendant acknowledges that this waiver shall result in the dismissal

7  of any appeal or collateral attack the defendant might file challenging his/her conviction or

8  sentence in this case. If the defendant files a notice of appeal or a habeas petition,

9  notwithstanding this agreement, defendant agrees that this case shall, upon motion of the

10  government, be remanded to the district court to determine whether defendant is in breach

11  of this agreement and, if so, to permit the government to withdraw from the plea agreement.

12  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

13  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

14  II.B of Ariz. Ethics Op. 15-01 (2015)).

15      If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any

16  court in a later proceeding, the government will be free to prosecute the defendant for all

17  charges as to which it has knowledge, and any charges that have been dismissed because

18  of this plea agreement will be automatically reinstated. In such event, the defendant waives

19  any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth

20  Amendment to the Constitution as to the delay occasioned by the later proceedings.

21                    Plea Addendum

22      This written plea agreement, and any written addenda filed as attachments to this

23  plea agreement, contain all the terms and conditions of the plea. Any additional

24  agreements, if any such agreements exist, shall be recorded in a separate document, and

25  may be filed with the Court under seal. Accordingly, additional agreements, if any, may

26  not be in the public record.

27  / / /

28  / /

1       ## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS
2       ### Waiver of Rights
3       I have read each of the provisions of the entire plea agreement with the assistance
4       of counsel and understand its provisions. I have discussed the case and my constitutional
5       and other rights with my attorney. I understand that by entering my plea of guilty I will be
6       giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and
7       compel the attendance of witnesses; to present evidence in my defense; to remain silent
8       and refuse to be a witness against myself by asserting my privilege against self-
9       incrimination; all with the assistance of counsel; to be presumed innocent until proven
10      guilty beyond a reasonable doubt; and to appeal.

11      I agree to enter my guilty plea as indicated above on the terms and conditions set
12      forth in this agreement.

13      I have been advised by my attorney of the nature of the charge to which I am entering
14      my guilty plea. I have been advised by my attorney of the nature and range of the possible
15      sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the
16      sentence the court imposes.

17      My guilty plea is not the result of force, threats, assurance or promises other than
18      the promises contained in this agreement. I agree to the provisions of this agreement as a
19      voluntary act on my part, rather than at the direction of or because of the recommendation
20      of any other person, and I agree to be bound according to its provisions. I agree that any
21      Sentencing Guidelines range referred to herein or discussed with my attorney is not binding
22      on the Court and is merely an estimate.

23      I agree that this written plea agreement contains all the terms and conditions of my
24      plea and that promises made by anyone (including my attorney) that are not contained
25      within this written plea agreement are without force and effect and are null and void.

26      I am satisfied that my defense attorney has represented me in a competent manner.
27      I am not now on or under the influence of any drug, medication, liquor, or other intoxicant
28

1  or depressant, which would impair my ability to fully understand the terms and conditions

2  of this plea agreement.

3  <center>Factual Basis and Relevant Conduct</center>

4      I further agree that the following facts accurately describe my conduct in connection

5  with the offense to which I am pleading guilty and that if this matter were to proceed to

6  trial the government could prove the elements of the offense beyond a reasonable doubt:

7        On April 11, 2024, in Nogales, Arizona, I, **Erik Alberto Beal**, did knowingly

8  and forcibly assault United States Border Patrol Agent M. M., by retrieving

9  my Sig Sauer, Model P250, .45 caliber pistol/handgun from my truck,
   chambering a round of ammunition in the pistol, and then pointing the

10  firearm directly at Agent M. M. Thus, my Sig Sauer pistol was a dangerous
   and deadly weapon. As I pointed the pistol at Agent M. M., I ordered him to

11  holster his weapon. In response, Agent M. M. aimed his firearm at me and

12  ordered me to put my firearm down. An armed standoff ensued. I finally
   unloaded my firearm and returned the firearm to my truck after another agent

13  arrived, pulled his firearm, pointed it at me, and ordered me to drop my

14  firearm. I knew that Agent M. M. was a United States Border Patrol agent
   who was engaged in his duties including locating and apprehending

15  undocumented, non-citizens. My house is very close to the border and

16  undocumented, non-citizens have passed by and through my property in the

17  past.

18  05/09/2025

19  Date          Erik Alberto Beal
                        Defendant

20

21  <center>DEFENSE ATTORNEY'S APPROVAL</center>

22      I have discussed this case and the plea agreement with my client in detail and have

23  advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the

24  constitutional and other rights of an accused, the factual basis for and the nature of the

25  offense to which the guilty plea will be entered, possible defenses, and the consequences

26  of the guilty plea, including the defendant's waiver of the right to appeal. No assurances,

27  promises, or representations have been given to me or to the defendant by the government

28  or by any of its representatives which are not contained in this written agreement. I concur

<center>- 10 -</center>

1    in the entry of the plea as indicated above and on the terms and conditions set forth in this

2    agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure

3    the guilty plea is entered in accordance with the requirements of Rule 11, Fed. R. Crim. P.

4

5    Date: 05/09/2025

6                                              TODD PAUL ROMERO, ESQ.
                                               Attorney for Defendant
7
                         GOVERNMENT'S APPROVAL
8
9            I have reviewed this matter and the plea agreement.  I agree on behalf of the United

10   States that the terms and conditions set forth are appropriate and are in the best interests of

11   justice.

12                                             TIMOTHY CORCHAINE
                                               United States Attorney
13                                             District of Arizona

14

15   Date: 6-5-25

16                                             MICAH SCHMIT
                                               Assistant U.S. Attorney
17

18

19

20

21

22

23

24

25

26

27

28